

# The Attorney General of Texas

October 12, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. John S. Cargile
Chairman
Texas State University System
Board of Regents
505 Sam Houston Building
Austin, Texas    78701

Opinion No. JM-76

Re:   Whether faculty member at Southwest Texas State University may take vacation leave or lump sum payment for accrued vacation leave

Dear Mr. Cargile:

You advise us that a tenured faculty member at Southwest Texas State University has accrued unused vacation time as a university employee serving in an administrative capacity. You anticipate that the person will remain a member of the faculty at Southwest Texas State University and that, from time to time, the person will continue to be employed part-time as a faculty member and part-time as an administrative employee. You ask our opinion as to whether this person is entitled either to be paid in a lump sum for the unused vacation time or to take vacation leave with pay.

We believe that the status of a faculty member under the facts presented to us makes the member ineligible to receive a lump sum payment of accrued vacation time but eligible to take certain vacation leave without deduction in salary.

In 1975, the legislature provided by general law that a state employee continuously employed for at least six months is entitled to be paid in a lump sum for accrued vacation time when the employee resigns or is dismissed or separated from state employment. V.T.C.S. art. 6252-8b. See Acts 1981, 67th Leg., ch. 875, art. V, §7(a), at 3799 (current biennial Appropriations Act); Senate Bill No. 179, Acts 1983, 68th Leg., art. V, §8, at V-34 of the Conference Committee Report (Appropriations Act for 1983-1985 biennium). As a faculty member, the person is an employee with a contractual relationship governed by state law, the Rules and Regulations of the Board of Regents of the Texas State University System, and the terms of his appointments for specific fiscal years. The fact that the contract of a faculty member who will return the following year provides a period of appointment for nine months that does not include the summer months does not constitute a termination or separation of state employment during the summer months.

In our opinion, the word "appointment" as used in the appropriations act, contemplates only the periods during which particular services are required to be rendered. Although neither required by the contract of employment to teach or to serve in an administrative capacity during the summer nor entitled to a salary for services rendered during that period, a faculty member remains an employee with certain obligations and benefits. These benefits include coverage for medical and hospital insurance, the use of university facilities (offices, libraries, etc.), and other benefits generally available to faculty members. In our opinion, a faculty member who will be returning for the fall semester is not separated from state employment during the summer and, therefore, is not eligible for payment of accrued vacation time in a lump sum. See Attorney General Opinions MW-282 (1980); H-1096 (1977); M-1279 (1972); M-1252 (1972).

Vacation time of state employees is payment for services rendered and salary within the meaning of that part of article 6813b, V.T.C.S., that provides "all salaries of all . . . State employees . . . shall be in such sums or amounts as may be provided for by the Legislature in the biennial Appropriations Act." See Attorney General Opinion M-1252. The right of a state employee at any given time to a vacation from his duties without deduction in salary depends on the provisions of the current biennial appropriations act. Beginning with the act passed in 1981, the legislature excepted faculty with appointments of less than 12 months at institutions of higher education from the provision authorizing paid vacations for "employees of the state." The general appropriations acts for the fiscal years beginning September 1, 1981 and ending August 31, 1985 provide the following:

> Other than faculty with appointments of less than twelve months at institutions of higher education, employees of the State shall, without deduction in salary, be entitled to a vacation in each fiscal year.

Acts 1981, 67th Leg., ch. 875, art. V, §7a, at 3798; Senate Bill No. 179, Acts 1983, 68th Leg., art. V, §8, at V-34 of the Conference Committee Report. Each appropriation act specifies the hours of vacation accrued each month by state employees on the basis of their years of state employment and the maximum hours they may carry forward from one fiscal year to the next fiscal year. In addition, each of those acts defines a "regular employee" of an institution of higher education as one who is employed to work at least 20 hours per week for a period of at least four and one-half months, excluding certain students, and provides that only regular employees of such institutions are eligible for paid vacation.

Accordingly, when a person is employed by Southwest Texas State University as an administrative employee, either on a full-time basis or on a part-time basis that qualifies the person to be a "regular

employee," he is an employee of the state within the meaning of the current appropriation act whether or not he is simultaneously a member of the faculty.  As such, he is entitled to accrue and carry forward vacation leave and to take a vacation from his administrative duties without deduction in his administrative salary.  However, a faculty member at Southwest Texas State University with a teaching appointment of less than 12 months for the fiscal year does not accrue vacation in that capacity and is not entitled to use leave accrued as an administrative employee to take a paid vacation from his duties as a faculty member.

## S U M M A R Y

Under current appropriation acts, a member of the faculty at an institution of higher education who, as an administrative employee, qualifies for the accrual of vacation leave is entitled to take a vacation from his administrative duties without deduction in his administrative salary.  A faculty member who has a teaching appointment of less than 12 months during the fiscal year and who will return the following year to the institution of higher education has not interrupted his state employment and is not entitled to a lump sum payment for accrued vacation leave.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Susan Garrison
Jim Moellinger
Nancy Sutton